PETITION OF RAYMOND E. FUCHS.

No. 11831.
Decided March 2, 1970.
466 P.2d 81.

Raymond E. Fuchs, pro se.

## MEMO OPINION

PER CURIAM:

Ray E. Fuchs, an inmate of the Montana State Prison, appearing pro se, moves for a writ of habeas corpus. In his petition he cites provisions of our laws dealing with defense of property, carrying weapons, use of force in defense of property, and discharge of one held on a criminal charge where there exists a lack of probable or reasonable cause. What these legal propositions have to do with the application is not explained.

Petitioner then recites his version of the fact situation in which he claims that a restraining order had been issued by the district court permitting his wife, who was maintaining an action for divorce against him, to live separate and apart from him, and he asserts that he was provoked into assaulting

her. Finally he states that his plea of guilty was under duress.

In early 1969 this inmate complained to this Court that he had filed a motion in the district court at Billings but no action had been taken thereon. On inquiry of the district judge we were advised that the matter had been referred to the Public Defender Project for attention but they had advised they were unable to care for it and the judge thereupon appointed local counsel to represent Fuchs and a hearing upon his complaints was to be had shortly. Nothing further in that connection was referred to this Court.

Now Fuchs alleges that his plea of guilty was under duress because " * * * they (not defined) would put said petitioner away for life in the state hospital."

In the report to this Court from the district judge who handled this matter at Billings, being the late Honorable E. E. Fenton, he said:

"For example, one of Mr. Fuchs' complaints has been that he should be given mental treatment but that the social services of the prison have opposed this action. In response to my inquiry concerning this complaint, I was informed by Joseph Yankoskie, Counseling Supervisor of Social Service at the prison, that two requests for psychiatric evaluations have been made by Mr. Fuchs, both of which were granted. Mr. Yankoskie enclosed copies of the psychiatric evaluations made in response to the request of Mr. Fuchs, and he stated that no other requests have been received."

In view of Fuchs' previous complaints to the district court one cannot give credence to Fuchs' present contention that he was afraid they would put him away in the state hospital. One afraid of such a commitment would hardly be seeking psychiatric evaluation.

The writ sought is refused and the proceeding is dismissed.